**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CHRISTA MORRIS,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **NO. 4:25-cv-00805-P** |
| | § | |
| **TREY LOGAN SPARKS,** | § | |
| ***Defendant.*** | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF**, Christa Morris**, hereinafter referred to as Plaintiff, files this first amended complaint against Defendant **Trey Logan Sparks**, hereinafter referred to as Defendant, and alleges as follows:

## I. DISCOVERY-CONTROL PLAN LEVEL

1. Pursuant to Federal Rule of Civil Procedure 26(f) and the Local Civil Rules of the United States District Court for the Northern District of Texas, Plaintiff intends to conduct discovery in accordance with the default procedures and deadlines applicable under the Federal Rules. Plaintiff seeks monetary relief in excess of $250,000.00 but less than $1,000,000.00.

## II. CLAIM FOR RELIEF UNDER RULE 47 T.R.C.P.

2. In accordance with Federal Rule of Civil Procedure 8(a), Plaintiff states the following:

a. This is a civil action for negligence arising out of a motor vehicle accident;

b. The Court has subject matter jurisdiction under 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs;

c. Plaintiff seeks monetary damages in an amount to be determined by the jury, but currently estimates damages to exceed $250,000.00; and

d. Plaintiff demands judgment for all other relief to which Plaintiff may be justly entitled under law and equity.

## III. PARTIES AND SERVICE

3. Plaintiff Christa Morris is an individual who resides in Tarrant County, Texas. The last three digits of the driver's license number of Christa Morris are 386. The last three digits of the social security number of Christa Morris are 406.

4. Defendant Trey Logan Sparks, hereinafter referred to as Defendant, is an individual who may be served with process at Defendant's usual place of abode, 510 S. Owens Cir., Byers, CO 80103 or wherever Defendant may be found. **ISSUANCE OF CITATION IS REQUESTED AT THIS TIME.** It is anticipated that Defendant will contact their insurance company, CSAA General Insurance Company c/o AAA Insurance, to provide Defendant with a defense by contacting the insurance adjuster, Bianca Rodgers, at (702) 790-5221. Please reference claim number 1005-34-7733.

## IV. JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Venue is proper in this County under United States District Court for the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to the claim occurred in this division.

## V. FACTS

7. On or about August 28, 2023, at approximately 10:47 a.m., Plaintiff Christa Morris was traveling Westbound in the 5000 block of Woodland Park Boulevard in Arlington, Texas. At the same time, Defendant Trey Logan Sparks was traveling Eastbound on the same road. As Plaintiff approached the intersection with Lakewood Drive, Defendant turned left in front of Plaintiff as he attempted to head Northbound onto Lakewood Drive. Defendant failed to yield the right of way, causing a collision with Plaintiff's vehicle. As a result of the crash, Plaintiff sustained injuries and required emergency medical attention. The Arlington Police Department investigated the crash and cited Defendant for failing to yield while turning left.

8. The collision occurred as a result of Defendant's negligence. Plaintiff's vehicle was damaged and Plaintiff suffered painful and long-lasting personal injuries.

## VI. NEGLIGENCE OF DEFENDANT

9. Defendant had a duty to exercise ordinary care and operate Defendant's vehicle reasonably and prudently.

10. Defendant breached the duty of care in the following ways:

    a. In driving their vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances.

11. Failing to timely apply the brakes to the vehicle in order to avoid the collision.

12. Failing to be attentive and yield the flow of traffic;

13. Failing to maintain a proper lookout.

14. Failing to maintain proper control of Defendant's vehicle.

15. Failing to turn the vehicle to avoid the collision.

16. Failing to control the speed of Defendant's vehicle.

17. Failing to stop in time to avoid the accident.

18. Failing to turn the vehicle to avoid the collision.

19. Failing to use due caution.

20. Failing to use due care to avoid the collision.

21. Failing to sound horn or warn prior to the accident.

22. Failing to pay requisite attention as a reasonably prudent driver would.

23. Failing to take necessary precautions.

24. Failing to take, identify, predict, decide and execute proper evasive action that would have been taken by a person of ordinary prudence under the same or similar circumstances in order to avoid a collision.

25. Failing to turn the direction of the vehicle away from the Plaintiff, in order to avoid the accident.

26. In failing to be attentive and maintain their lane of traffic in violation of Texas Transportation Code §545.052.

27. Failing to stop, yield, and grant immediate use of the intersection until such time as to not be a hazard and failing to stop and proceed only when the intersection can be safely entered without interference or collision with traffic in violation of Texas Transportation Code §545.151(b)(c).

28. Driving Defendant's vehicle at a rate of speed greater than that at which a person of ordinary prudence would have driven under the same or similar circumstances.

29. Driving recklessly, in violation of Texas Transportation Code §545.401.

30. Causing a collision of vehicle, which resulted in serious injuries. Causing an accident involving personal injuries or death in violation of Texas Transportation Code §550.021.

31. In failing to stop, yield, and grant the privilege of immediate use of the intersection after coming to a complete stop and yield the right of way to a vehicle already in the intersection in violation of Texas Transportation Code §545.153.

32. Failing to act as a reasonable and prudent person would have under the same or similar circumstances.

33. Violating several other sections of the Texas Transportation Code.

34. All other acts or omissions as shown at the time of trial.

35. Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## VII. NEGLIGENCE PER SE OF DEFENDANT

36. Defendant had a duty to yield the right of way to Plaintiffs' vehicle and to avoid distraction which would cause inattention to the roadway while operating a vehicle. Adherence to these duties would have mitigated the risk posed by the Defendant to nearby vehicles, including the Plaintiffs' vehicle. The Plaintiffs fall within the group that the aforementioned sections of the Texas Transportation Code aim to protect. Consequently, the Defendant's failure to uphold this duty directly resulted in the Plaintiffs' injuries.

37. Defendant's conduct described herein constitutes and unexcused breach of duty imposed by the Texas Transportation Code, which said acts or omission constituted negligence per se in the following acts:

a. Driving recklessly, in violation of Texas Transportation Code §545.401.

38. Causing a collision of vehicle, which resulted in serious injuries. Causing an accident involving personal injuries or death in violation of Texas Transportation Code §550.021.

39. In failing to stop, yield, and grant the privilege of immediate use of the intersection after coming to a complete stop and yield the right of way to a vehicle already in the intersection in violation of Texas Transportation Code §545.153.

40. Failing to stop, yield, and grant immediate use of the intersection until such time as to not be a hazard and failing to stop and proceed only when the intersection can be safely entered without interference or collision with traffic in violation of Texas Transportation Code §545.151(b)(c).

41. In failing to be attentive and maintain their lane of traffic in violation of Texas Transportation Code §545.052.

42. Violating several other sections of the Texas Transportation Code.

43. Defendant owed a duty to Plaintiff to operate Defendant's motor vehicle in a safe and prudent way as any reasonable person would in the same or similar circumstances. The above listed elements show that Defendant breached that duty. Defendant's breach of this duty proximately caused the personal injuries suffered by Plaintiff.

44. Further, Plaintiff is in the class of persons the above referenced statute is designed to protect and Plaintiff's injury is of such type as the statute was designed to prevent. The statute is one for which tort visibility may be imposed when violated. The Defendant violated the statute without excuse. Defendant's act or omission proximately caused the Plaintiff's injury.

45. Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and/or negligence *per se,* which proximately caused The Crash and Plaintiff's injuries and damages.

## VIII. DAMAGES

46. Defendant's breach of duty proximately caused injury to Plaintiff, which resulted in the following damages:

a. Medical expenses in the past and future.

47. Physical pain and suffering in the past and future.

48. Mental anguish in the past and future.

49. Loss of enjoyment of life in the past and future.

50. Disfigurement in the past and future.

51. Physical impairment in the past and future.

52. Lost wages and/or loss of earning capacity in the past and future.

53. Loss of use in the past and future.

54. Actual- or intrinsic-value damages, which is the value of the property to Plaintiff in the condition it was in when it was damaged.

55. Sentimental-value damages, which is the reasonable special value of the property to Plaintiff.

56. Repair damages, which is the value of the reasonable cost of repairs.

57. Loss-of-use damages, which is the reasonable cost of renting a replacement.

58. Lost profits, which is the value for the loss of anticipated profits.

59. Loss of convenience forced to seek medical treatment.

60. Loss of enjoyment of life.

61. Plaintiff seeks damages within the jurisdictional limits of this Court.

## IX. AGGRAVATION

62. In the alternative, if it be shown that the Plaintiff suffered from any pre-existing injury, disease, and/or condition at the time of The Crash made the basis of this lawsuit, then such injury,

disease, and/or condition was aggravated and/or exacerbated by the negligence of the Defendant.

## X. U.S. LIFE TABLES

63. Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as published by the Department of Health and Human Services – National Vital Statistics Report in the trial of this matter. Plaintiff requests that the Honorable Court take judicial notice of those regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## XI. TEXAS RULES OF EVIDENCE 609(F) REQUEST

64. Plaintiff requests, pursuant to Texas Rules of Evidence 609(f), that Defendant gives Plaintiff sufficient advanced written notice of Defendant's intent to use evidence of a conviction of a crime under Rule 609(f) against any party or witness in this case, with failure to do so resulting in inadmissibility of the same.

## XII. T.R.C.P. 193.7 NOTICE OF SELF AUTHENTICATION

65. Plaintiff hereby gives notice, pursuant to Tex. R. Civ. P. 193.7, of Plaintiff's intent to utilize against the party producing same any document produced in response to written discovery served by this Plaintiff, and any documents exchanged provided between the parties (including but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

## XIII. DESIGNATED E-SERVICE EMAIL ADDRESS

66. The following is the undersigned attorney's designated e-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: E-Service@KTCLAWFIRM.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## XIV. PRAYER

67. For these reasons, Plaintiff asks that the Court issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

a. Physical pain in the past and future;
b. Mental anguish in the past and future;

c. Disfigurement in the past and future;
d. Physical impairment in the past and future;
e. Medical expenses in the past and future;
f. Loss of earning capacity in the past and future;
g. Lost wages in the past and in the future;
h. Exemplary damages;
i. Costs of suit;
j. Prejudgment and post-judgment interest at the maximum lawful rates; and
k. All other and further relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully Submitted,

**The Law Offices of Kelly T. Curran**
***/s/ Tesha L. Williams***
Tesha L. Williams
State Bar No. 24108933
5720 LBJ Fwy., Suite 440
Dallas, Texas 75240
Phone: 469-730-3007
Fax: 469-458-2993
E-serve: ktclawfirm@gmail.com
**ATTORNEY FOR PLAINTIFF**